IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CAROLYN DE GUZMAN**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. **PJM 08-3213** |
| | * | |
| **NIH FEDERAL CREDIT UNION**, | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION**

Carolyn de Guzman has filed an action against National Institutes of Health Federal Credit Union (NIH FCU), alleging violations of Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

NIH FCU has filed a Motion to Dismiss Or, Alternatively, Partial Motion to Dismiss [Paper No. 10], asserting that De Guzman has failed to file a timely Complaint and therefore the Court lacks subject matter jurisdiction. The Partial Motion to Dismiss is **GRANTED**. The Motion to Dismiss is **MOOT**.

**I.**

On August 15, 2005, De Guzman was hired by NIH FCU as a Senior Credit Card Specialist. NIH FCU terminated her on December 22, 2006, allegedly because of her poor performance.

On October 15, 2007, De Guzman filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging discrimination on the basis of her race (Asian) and national origin (Filipino), as well as retaliation. According to the EEOC investigation that

followed, "significant performance issues" led to De Guzman's termination.  Accordingly, in a letter dated August 26, 2008, the EEOC notified De Guzman that it was unable to conclude that she had been discriminated or retaliated against, and informed her that she had the right to file suit against NIH FCU within 90 days from the date she received the letter.[1]  NIH FCU contends that De Guzman received the letter on August 28, 2008.  Though De Guzman does not provide a specific date for receipt of the letter, she alleges that she received it several days after it was sent. This suit was filed on December 1, 2008.

NIH FCU moves to dismiss on two grounds.  First, it says, De Guzman failed to sue within 90 days of receipt of her right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f). Alternatively, NIH FCU argues that even if De Guzman filed her Complaint in timely fashion, any claims arising from conduct prior to December 21, 2006 are barred because she did not take her claims to the EEOC within 300 days of the alleged discrimination.  *See* 42 U.S.C. § 2000e-5(e).

## II.

In order to bring a Title VII claim, a plaintiff must (i) file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act; (ii) obtain a right-to-sue letter from the EEOC; and (iii) file suit within 90 days of receipt of the right-to-sue letter.  *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. §  2000e-5(f)(1); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469-70 (3d Cir. 2001).  The 90-day period is treated by the courts as a statute of limitations. *See Figeuroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) (*citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)); *Fisher v. Md. Dept. of Housing & Comm. Dev.*, 32 F. Supp. 2d 257, 264 (D. Md. 1998), *aff'd*, 166 F.3d 1208 (4th Cir. 1998) (dismissing age

---

[1] In her Opposition, De Guzman appears to contend the right-to-sue letter was dated August 28, 2008.  However, the copy of the letter that she attaches to her Complaint is dated August 26, 2008.

discrimination claim in an action filed more than 90 days after receipt of the right-to-sue letter);

*see also Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769 (5th Cir. 1986) (affirming dismissal

of Title VII suit filed 92 days after receipt of the right-to-sue letter).

**III.**

The Court considers those standards in the case at bar.

**A.**

NIH FCU first contends that De Guzman missed the 90-day deadline to sue.  When the

receipt date of a right-to-sue letter is disputed, the receipt date is presumed to be three days after

the letter was mailed.[2]  *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a

specified time after service and service is made [by mail], 3 days are added after the period

would otherwise expire . . ."); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1

(1984) (presuming receipt date to be three days after right-to-sue letter was issued); *Williams v.

Enter. Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 991 (E.D. Va. 1995) (same).  If the

90th day falls on a legal holiday, the due date is postponed until the next day the Clerk's Office

is accessible.  *See* Fed. R. Civ. P. 6(a)(3).

The Court finds De Guzman's Complaint timely.

Because the right-to-sue letter from the EEOC was dated August 26, 2008, De Guzman is

presumed to have received the letter by mail on August 29, 2008.  *See* Fed. R. Civ. P. 6(d).

Ninety days after August 29, 2008 was Thursday, November 27, 2008 (Thanksgiving Day).

Since Thanksgiving Day was a legal holiday, *see* Fed. R. Civ. P. 6(a)(4), De Guzman's due date

was postponed until the next day the Clerk's Office was accessible.  *See* Fed. R. Civ. P. 6(a)(3).

---

[2] Though De Guzman does not allege that she received the right-to-sue letter by mail, other courts have inferred mailing under similar circumstances.  *Williams*, 911 F. Supp. at 993 (noting that "mail is the standard method by which the EEOC issues right-to-sue notices" and inferring same for case before the court).  NIH FCU concedes in its Reply that its letter was mailed "from Baltimore to [De Guzman's] Berwyn Heights address."  *See* Def.'s Reply Br. at 2.

Under the Local Rules of this Court, the Clerk's Office was closed the day after Thanksgiving (Friday, November 28, 2008) and through the weekend. *See* Local Rule 504(1). Therefore, De Guzman's Complaint was due Monday, December 1, 2008, the day on which she filed. Accordingly, the Motion to Dismiss is denied insofar as it alleges failure to file suit within 90 days.

### B.

Alternatively, NIH FCU contends that De Guzman failed to file her charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts. As noted above, in order to bring a Title VII claim, a plaintiff must file an EEOC charge within 300 days of the alleged discrimination. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 292 (4th Cir. 2004) ("For Title VII claims . . . a plaintiff can only complain of discrimination that 'occurred' within . . . the 300-day period immediately proceeding the filing of the EEOC charge.")

De Guzman filed her EEOC charge on October 15, 2007. Three hundred days prior to October 15, 2007 was December 19, 2006.[3] Accordingly, any alleged discrimination or retaliation occurring before December 19, 2006 is time-barred and Defendant's Motion is granted. Any discrimination or retaliation post-dating December 19, 2006 remains in play.

### IV.

For the foregoing reasons, Defendant's Partial Motion to Dismiss [Paper No. 10-2] is **GRANTED** and Defendant's Motion to Dismiss [Paper No. 10-1] is **MOOT**.

A separate Order will **ISSUE**.

_____/s/_____

PETER J. MESSITTE

UNITED STATES DISTRICT JUDGE

**July 23, 2009**

---

[3] Defendant appears to have miscalculated this date as December 21, 2006.